|     |     |
| --- | --- |
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| JOANNE WAN, an individual on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC.; ROSE SMITH, an individual,<br><br>　　　　Defendants.<br>_____ / | No.  C 05-0702 SBA<br><br>**ORDER** |

This matter comes before the Court on Defendants Commercial Recovery Systems, Inc. and Rose Smith's (collectively, the "Defendants") motion to dismiss the Complaint and each cause of action alleged therein by plaintiff Joanne Wan ("Plaintiff"). Having read and considered the arguments presented by the parties in their moving papers, the Court finds this matter appropriate for disposition without a hearing. The Court HEREBY GRANTS Defendants' motion to dismiss.

## **BACKGROUND**

On February 16, 2005, Plaintiff, on behalf of herself individually and all others similarly situated, filed the instant action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA").[1]  This case is based solely upon the contents of a collection letter ("the Letter") that Defendants sent to Plaintiff, dated March 10, 2004.  (*See* Complaint ("Compl."), Exs. A and B.) Defendants sent the Letter in an attempt to collect a $13,115.96 debt that Plaintiff owed to non-party Chase.[2]  (*Id*. at Ex. A.) The front page of the Letter contains the following text in a uniform size and typeface:

---

[1] All statutory references herein are to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o, unless otherwise noted.

[2] Plaintiff does not dispute that she owed the money sought by the Letter.  ( *See, e.g.*, Compl.)

> Your account, as detailed above, has been assigned to COMMERCIAL RECOVERY SYSTEMS for collection. I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment.[3]
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Important information is found on the back of this notice.
>
> If this debt is not a valid debt of yours or if the account is included in a bankruptcy proceeding, then this notice, and all future notices, are null and void and you should notify us in writing.

(*Id*.). The back of the Letter contains various notifications "as required by law," including the following statement: "If you notify us in writing to stop contacting you by telephone at your residence or place of employment, no further contact will be made" (the "Communication Language"). (*Id*. at Ex. B.)

Plaintiff's class action complaint alleges a single count for violation of the FDCPA. (*Id*. at ¶¶ 14-23). Plaintiff alleges that the Attorney Consultation Language on the front of the Letter improperly assumes the validity of the debt before the expiration of thirty days from receipt of the Letter in violation of sections 1692g and 1692e of the FDCPA. (*Id*. at ¶¶ 10-11, 21.) Plaintiff alleges that the Communication Language on the back of the Letter violates sections 1692c and 1692e because the FDCPA does not require that the debtor notify the debt collector <u>in writing</u> of her consent to receive collection-related communications from the debt collector. (*Id*. at ¶¶ 12-13.) Plaintiff seeks a declaration that Defendants' debt collection practices violate the FDCPA, $1,000.00 in damages for Plaintiff, statutory damages for the class of a sum not to exceed the lesser of $500,000.00 or one percent of Defendants' net worth, and attorney's fees. (*Id*. at ¶ 1.)

---

[3] The portion of the Letter stating that "I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment" shall be referred to herein as the "Attorney Consultation Language."

1   On April 1, 2005, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiff fails to state a claim upon which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). The complaint is construed in a light most favorable to the plaintiff and all properly pled factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). However, this Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Further, this Court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Although a court is generally confined to the allegations in the pleadings on a motion to dismiss, a court may also consider material which is properly submitted as part of the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). Because the Letter was attached to the Complaint, the Court may evaluate its contents without converting the motion to dismiss into a motion for summary judgment. *See Branch*, 14 F.3d at 453; (Compl., Exs. A & B.)

## DISCUSSION

**A.    The Attorney Consultation Language**

The purpose of the FDCPA is to "'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (quoting S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699); *see also Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (The FDCPA's objective "is to protect consumers from a

host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."). To this end, section 1692g requires debt collectors to provide consumers with adequate information concerning their legal rights. *See, e.g.,* 15 U.S.C. § 1692g; *Swanson,* 869 F.2d at 1225. Specifically, an initial collection letter, such as the Letter at issue here, must contain: (1) "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;" and (2) "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(3) & (4). Moreover, section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means" in connection with their collection efforts. 15 U.S.C. § 1692e.

Plaintiff does not contend that the Letter failed to include the statements regarding debt validation required by subsections 1692g(a)(3) & (4).[4] (*See* Compl.; Pl.'s Opp. to Mot. to Dismiss ("Opp.") at ¶. 7-9.) Instead, Plaintiff claims that the Attorney Consultation Language overshadowed and/or contradicted the validation notice, misleading consumers into thinking that the validity of their debts had already been established before the expiration of the thirty-day dispute period. (Compl. at ¶¶ 10-11, 18; Opp. at ¶. 7-9.)

Whether the Letter's Attorney Consultation Language contradicts the required validation notice is determined by the court as a question of law. *See Terran v. Kaplan*, 109 F.3d 1428, 1432-33 (9th Cir. 1997); *Swanson*, 869 F.2d at 1225-26. The Court evaluates the impact of the Attorney Consultation Language under the "least sophisticated debtor" standard. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Swanson*, 869 F.2d at 1225. If the Attorney Consultation Language would

---

[4] Indeed, Plaintiff could not allege that the Letter failed to include any of the debt validation statements, as the Letter, on both the front and the back, sets forth much of the language required by subsections 1692g(a)(3) & (4).

4

likely mislead or deceive the least sophisticated debtor, the Court must deny Defendants' Motion to Dismiss. *See, e.g.*, *Swanson*, 869 F.2d at 1225. The least sophisticated debtor standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices, and the need to protect the debt collectors from liability based upon unreasonable interpretations of collection letters. *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). As such, the "FDCPA 'does not extend to every bizarre or idiosyncratic interpretation' of a collection notice but 'does reach a reasonable interpretation of a notice by even the least sophisticated.'" *Id.* at 1319 (quoting *Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989)); *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) ("Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one."). In determining whether the Attorney Consultation Language would mislead the least sophisticated debtor, the Court must evaluate both the form and content of the Letter. *See Swanson*, 869 F.2d at 1225; *Terran*, 109 F.3d at 1433.

The Attorney Consultation Language does not violate the FDCPA simply because it suggests that Plaintiff "consult with [her] attorney about what the laws in [her] state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment." (Compl., Ex. A.) Plaintiff cites no authority for the proposition that this type of language would mislead the least sophisticated debtor. Moreover, three cases compel the Court to find that the Attorney Consultation Language does not overshadow the Letter's validation notice or otherwise violate sections 1692e or 1692g of the FDCPA.

In *Renick v. Dun & Bradstreet*, a consumer class action plaintiff sued a collection agency, alleging that the defendant's second notice, coming only 20 days after the first notice, violated sections 1692e and 1692g of the FDCPA. 290 F.3d 1055, 1057 (9th Cir. 2002). The second notice contained a "request for 'prompt' payment and payment 'today,'" which Renick alleged "misled him into abandoning his statutory right to contest the validity of the debt within 30 days from the first notice." *Id*. The Ninth Circuit held that the agency's letter did not violate the FDCPA because the "prompt payment" language "was in the same font as the surrounding text; was not emphasized in any other way; was in the nature of a request rather than a demand; and carried no sense of urgency." *Id.*; compare *Swanson*, 869 F.2d at 1225 (overshadowing found where validation notice was in small, un-emphasized text, obscured by text, which

1 was in bold-type, capitalization, and a font which was several times larger, which stated: "IF THIS
2 ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR
3 MASTER FILE AS A UNPAID COLLECTION ITEM.")  The court also noted that the prompt payment
4 language was immediately "followed by a statement informing Renick that he had 30 days to challenge the
5 debt's validity." *Id*.  "The request therefore did not overshadow the language in the notice that the alleged
6 debtor has thirty days in which to dispute the debt." *Id*.  Finally, the *Renick* court held that "[b]ecause the
7 notice did not violate the requirements of 15 U.S.C. § 1692g(a), it would not support a finding that Dun &
8 Bradstreet used 'false representation or deceptive means to collect or attempt to collect any debt.'"  *Id*. at
9 1057-58 (quoting 15 U.S.C. § 1692e).

10       Similarly here, the Attorney Consultation language was in the same font as the rest of the Letter's
11 text, was not emphasized, was a suggestion rather than a demand, did not convey a threat, and was
12 immediately followed by statements informing Plaintiff that she had thirty days to contest the validity of the
13 debt.[5]  (Compl., Ex. A.).  Consequently, the Attorney Consultation Language did not contradict or
14 overshadow "the admonition that the debtor has thirty days to contest the validity of the debt" and "did not
15 threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of
16 the debt." *Terran*, 109 F.3d at 1434.  Finally, because the Attorney Consultation Language does not run
17 afoul of section 1692g(a), Plaintiff cannot claim that this statement was "false, deceptive, or misleading" in
18 violation of section 1692e.

19       The second case which compels the Court to grant Defendants' Motion to Dismiss is *Terran v.*
20 *Kaplan*.  In *Terran*, the Ninth Circuit evaluated the propriety of a one-page letter, written on an attorney's
21 letterhead, stating the following:

22 > Please be advised that this office represents MONTGOMERY WARD CREDIT CORP with whom *you have an outstanding balance of $ 546.63*.  Unless an immediate telephone call is
23 > made to J SCOTT, a collection assistant of our office at (602) 258-8433, we may find it necessary to recommend to our client that they proceed with legal action.

24

25

26    [5] Plaintiff contends that the facts of *Renick* are distinguishable because *Renick* involved a "demand
for prompt payment." (Opp. at 8.) This is a distinction without a difference, as both *Renick* and the case at
27 bar deal with whether certain language overshadows a validation notice enough to confuse the least
28 sophisticated debtor into thinking that they do not have thirty days to contest a debt's validity.  If anything, the
language in the *Renick* letter is more coercive and confusing that the language  at issue in the case at bar.

1  109 F.3d at 1430 (capitalization in original, emphasis added).  The court held that the *Terran* collection
2  letter did not violate sections 1692e or 1692g of the FDCPA, noting that the demand for a telephone call
3  was in the same font and format as the rest of the letter, and was immediately followed by the validation
4  notice.  *Id*. at 1433-34.  In so holding, the court placed emphasis on the fact that the letter demanded a
5  telephone call, as opposed to payment.  *Id*. (Every circuit case that "has concluded that section 1692g was
6  violated . . . involved a written communication containing language *regarding payment* of the alleged debt
7  that contradicted or overshadowed the validation notice.")

8        In the instant case, the Letter's language referring to "monies owed to it" is similar to the *Terran*
9  letter's language discussing an "outstanding balance."  As with the *Terran* letter, the Attorney Consultation
10 Letter did not demand immediate *payment,* but instead suggested that Plaintiff speak with an attorney and
11 referenced a debt.  Finally, the *Terran* letter was arguably more misleading, as it was printed on an
12 attorney's letter head, stated that the attorney might take legal action, and demanded, as opposed to
13 suggesting, that the consumer take a certain action.

14       The instant case also bears striking similarity to a third case, *Gostony v. Diem Corp*., wherein the
15 plaintiff alleged that a collection letter "suggest[ing] you have your attorney determine your liability for this
16 debt" violated sections 1692e and 1692g of the FDCPA.  320 F. Supp. 2d 932, 939 (D. Ariz. 2003).
17 The *Gostony* court noted that "[t]he suggestion did not say when an attorney should be contacted."  *Id*.
18 Even the least sophisticated consumer would realize that "seek[ing] the advice of an attorney [is] a process"
19 which "would take some time."  *Id*.  Consequently, the court held that the attorney suggestion language did
20 "nothing to contradict" the notification of a thirty-day period to dispute the debt's validity.  *Id*.

21       In the case at bar, Defendants analogously suggested that Plaintiff "consult with your attorney about
22 what the laws in your state will allow our client to do to recover the monies owed to it and the further
23 consequences of nonpayment," without stating when an attorney should be contacted.  (Compl., Ex. A.)  If
24 Defendants had suggested that Plaintiff contact an attorney within seven days, for example, the language
25 might confuse an unsophisticated debtor into thinking that they only had one week to contest the debt's
26 validity.  Here, however, the Letter simply suggests contacting an attorney, and then informs Plaintiff in the
27 very next sentence that she has the statutory thirty days to dispute the debt.  (*Id*.)  This simple suggestion
28 that a consumer seek advice of counsel, without more, does not violate the FDCPA.

1    Finally, the Letter's suggestion that Plaintiff contact an attorney to investigate any rights she may
2 have is consistent with the FDCPA's purpose.  Although Plaintiff contends that "Debt Collector's cynical
3 'suggestion' that a lawyer is needed to explain the consumer's rights is contrary to the informal method of
4 dispute resolution established by Congress," (Opp. at 8.) the FDCPA does not prohibit a debt collector
5 from making such a recommendation.  *See* 15 U.S.C. §§ 1692-1692o.  Defendants go beyond the
6 FDCPA's requirements and inform Plaintiff that she may seek legal counsel.  This notification of a debtors'
7 rights furthers the FDCPA's fundamental purpose of protecting consumers from unfair collection practices.
8 *See Pressley*, 760 F.2d at 925.

9    Accordingly, the Letter's Attorney Consultation Language does not violate sections 1692e or
10 1692g(a)(3) and (4).

11 **B.    The Communication Language**

12    Plaintiff also contends that the Communication Language of the Letter violates sections 1692c(a)
13 and 1692e because the FDCPA does not require that a consumer notify a debt collector <u>in writing</u> of their
14 consent to communicate.  As explained below, Plaintiff's claim is based on a fundamental misreading of the
15 FDCPA and therefore is dismissed.

16    Section 1692c(a) prohibits a debt collector from communicating with a consumer "at any unusual
17 time or place or a time or place known or which should be known to be inconvenient to the consumer
18 generally" without the prior consent of the consumer or a court.  15 U.S.C. § 1692c(a).  "In the absence of
19 knowledge of circumstances to the contrary," a debt collector may assume that a convenient time for
20 communicating with a consumer is between 8 a.m. and 9 p.m., in the consumer's local time.  15 U.S.C. §
21 1692c(a)(1).  Plaintiff is correct in noting that the plain language of section 1692c(a) does not impose a
22 writing requirement on a consumer.  *See also Roudebush v. Collecto, Inc.,* No. 1:03-cv-1126, 2004 U.S.
23 Dist. LEXIS 27711, at *13-15 (S.D. Ind. Nov. 12, 2004).

24    However, this in no way suggests that the statement "[i]f you notify us in writing to stop contacting
25 you by telephone at your residence or place of employment, no further contact will be made" violates
26 section 1692e or 1692c(a)(1).  First, the Communication Language of the Letter echoes subsection
27 1692c(c) of the FDCPA, which allows a consumer-debtor to cut off future communication from the debt
28 collector by notifying them, <u>in writing</u>, that the "consumer refuses to pay" or "wishes the debt collector to

1  cease further communication with the consumer." *See* 15 U.S.C. § 1692c(c).  The Communication
2  Language is truthful, largely repeating the statutory language of section 1692c(c), and therefore does not
3  violate section 1692e.  Although the FDCPA does not require a debt collector to inform a consumer of this
4  right to cut-off communication, there is nothing in the FDCPA which prevents a collection agency from
5  providing a consumer with this information.  *See White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir.
6  2000); 15 U.S.C. §§ 1692-1692o.

7  In addition, The Communication Language in the Letter deals with the procedure for a consumer
8  who wishes to <u>cease</u> communication, not the procedure for a debtor who wishes to <u>consent</u> to
9  communications which would normally be perceived as inappropriate.  Plaintiff relies on several cases for
10  the proposition that a debt collector may not contact a consumer at their place of employment after a
11  debtor orally informs the collector that he or she did not wish to be contacted at work.  (*See* Opp. at 7
12  (citing *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994); *Austin v. Great Lakes Collection*
13  *Bureau*, 834 F. Supp. 557 (D. Conn. 1993); *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609 (D.
14  Nev. 1997); *Horkey v. J.V.D.B. & Assocs., Inc*., 333 F.3d 769 (7th Cir. 2003)).  These cases, however,
15  all find a violation of sections 1692c(a)(3) or 1692d[6] because the collection agency continued to contact a
16  debtor at a place where the debtor had orally informed the agency was "inconvenient."  *See, e.g.*, *Fox*, 15
17  F.3d at 1516 (reversing summary judgment on 1962d claim where defendant continued to phone at work
18  after plaintiff twice requested that she not be phoned at work); *Horkey*, 333 F.3d at 773 (finding violation
19  of 1692c(a)(3) where defendant continued to contact plaintiff at work after she  orally informed them that it
20  was an inconvenient place several times).  Plaintiff does not allege that Defendants contacted her at a place
21  or time that she informed them was inconvenient.  More importantly, other than the Letter, Plaintiff does not
22  allege that Defendants ever attempted to communicate with her.  As such, these cases do not support a
23  claim under section 1692c.

24  Accordingly, the Letter's Communication Language does not violate sections 1692c or 1692e.

## **CONCLUSION**

26  For the foregoing reasons,

---

[6] Section 1692d of the FDCPA prohibits harassing collection methods.

9

1     IT IS HEREBY ORDERED THAT Defendants' motion to dismiss the Complaint [Docket No. 4]
2  is GRANTED.  Plaintiff is granted leave to amend her Complaint within 30 days from the date of this order.
3  **Failure to file an Amended Complaint within 30 days may result in dismissal of this action with**
4  **prejudice, without further notice to Plaintiff.**
5     IT IS FURTHER ORDERED THAT Plaintiff's motion for class certification [Docket No. 8], set
6  for hearing on June 21, 2005, is DENIED WITHOUT PREJUDICE AS MOOT.
7     IT IS SO ORDERED.

9  Dated: 5-19-05                                              /s/ Saundra Brown Armstrong
10                                                             SAUNDRA BROWN ARMSTRONG
                                                               United States District Judge