UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE WAN, an individual on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC.; ROSE SMITH, an individual,<br><br>　　　　Defendant(s). | No. C05-0702 SBA (BZ)<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

　　　Pursuant to Judge Armstrong's order dated June 21, 2005, this matter was referred to me to prepare a report and recommendation on defendants' Motion for Attorneys' Fees and Costs. Having reviewed the papers, I find no need for oral argument.

　　　On February 16, 2005, plaintiff, on behalf of herself and all others similarly situated, filed a claim pursuant to the Fair Debt Collection Practices Act, (the "FDCPA") 15 U.S.C. §1692 *et seq*. On April 1, 2005, defendants moved to dismiss for failure to state a claim upon which relief may be granted.

1 | On April 22, 2005, plaintiff moved for class certification.
2 | On May 19, 2005, Judge Armstrong granted defendants' motion to
3 | dismiss with leave to amend and dismissed plaintiff's motion
4 | for class certification as moot.  Plaintiff elected to stand
5 | on her complaint and final judgment was entered against her on
6 | May 25, 2005.  On June 2, 2005, plaintiff filed a notice of
7 | appeal.  Defendants subsequently filed this motion for
8 | attorneys' fees and costs.

9 | The FDCPA provides that "on a finding by the court that
10 | an action under this section was brought in bad faith and for
11 | the purpose of harassment, the court may award to the
12 | defendant attorney's fees reasonable in relation to the work
13 | expended and costs." 15 U.S.C. §1692k(a)(3).  To receive an
14 | attorney fee award under §1692k(a)(3), a "prevailing defendant
15 | must show affirmatively that the plaintiff brought the FDCPA
16 | claim in bad faith and for the purposes of harassment."
17 | <u>Johnson v. Easton</u>, 80 F.3d 148, 153 (5th Cir. 1996) (citing
18 | <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1211 (5th Cir.
19 | 1985)).  I find that the defendants have not met that burden.

20 | Defendants contend that they informed plaintiff's counsel
21 | early in the litigation that plaintiff's claims lacked merit.
22 | Because plaintiff did not voluntarily dismiss her claims, they
23 | request that I find that plaintiff brought her claims in bad
24 | faith.  Specifically, defendants argues that plaintiff's
25 | claims were precluded by the Ninth Circuit's holdings in
26 | <u>Terran v. Kaplan</u>, 109 F.3d 1428 (9th Cir. 1997) and <u>Renick v.
27 | Dun & Bradstreet Receivable Mgmt. Serv.</u>, 290 F.3d 1055 (9th
28 | Cir. 2002).  <u>See</u> Decl. of Tomito B. Narita in Supp. of Defs.'

2

Mot. for Attorneys' Fees and Costs ("Narita Decl.") ¶2. The decisions in <u>Terran</u> and <u>Renick</u> do not squarely establish that plaintiff's claims were without merit as neither case discussed whether attorney consultation language similar to the language at issue in this case overshadowed the language required to be in a debt validation notice pursuant to §1692g(a)(3). <u>See</u> <u>Juras v. Aman Collection Services, Inc.</u>, 829 F.2d 739, 145 (9th Cir. 1987) (finding pro se plaintiff not to have brought the action in bad faith where "no decision squarely established that his claim was without merit"). Nothing in Judge Armstrong's ten page order analyzing the motion to dismiss suggests the complaint was squarely without merit. Indeed, the order dismissing plaintiff's complaint granted plaintiff leave to amend her claims. Although this case was ultimately unsuccessful, plaintiff's claims were not so frivolous as to amount to bad faith. <u>See</u> <u>Fraenkel v. Messerli & Kramer, P.A.</u>, No. Civ. 04-1072, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004).[1]

Even if defendants could show that plaintiff's claims were frivolous, they have not established that plaintiff brought her claims for purposes of harassment. <u>See</u> 15 U.S.C. §1692k(a)(3); <u>Johnson</u>, 80 F.3d at 153. The only evidence

---

[1] As further evidence of plaintiff's bad faith, defendants contend that plaintiff prematurely filed a motion for class certification while defendants' motion to dismiss was pending. However, plaintiff's counsel apparently agreed to continue the motion for class certification until after the court heard defendants' motion to dismiss. <u>See</u> Narita Decl. ¶5. Plaintiff's filing of such a motion early in the litigation is not evidence of bad faith in light of Rule 23's requirement that the court determine whether to certify the class at "an early practicable time." Fed.R.Civ.P. 23(c)(1)(A).

presented by defendants is that plaintiff's counsel has filed a number of other cases in this district, and that plaintiff has one other action proceeding in this district that involves claims under the FDCPA.  Counsel's other actions in this district do not appear to relate to plaintiff, and defendants offer no reason to attribute the actions of counsel to plaintiff.  See Kahen Kashani v. National Action Financial Services, No. CV03-828, 2004 WL 1040384, at *7 (W.D.N.Y. April 12, 2004).  The mere fact that plaintiff has filed one other FDCPA action in this district is insufficient to show that she filed this case for the purpose of harassment.  As defendants have not demonstrated that plaintiff brought her FDCPA claims in bad faith and for the purpose of harassment, I **RECOMMEND** that defendants' motion be **DENIED**.

Dated: August 25, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\WAN\R&R2.WPD